## Wymard v. Deeds, Appellant.

*Contract—Set-off—Notice.*

In an action by a subcontractor against a contractor to recover under a contract to furnish stone for a building erected by the defendant, the defendant may show without special notice, that the amount of stone originally contemplated by the contract was rendered unnecessary by reason of rock foundation being found sooner than was anticipated, and that in consequence thereof the plaintiff was notified not to deliver a certain amount of stone, and that as a matter of fact he did not deliver it, although he claimed to recover the whole amount of the stone specified in the contract. Such a defense is not set-off.

*Contract—Arbitration clause.*

Where a contract by which a subcontractor agrees to furnish a contractor with stone for a building, contains an arbitration clause providing in effect that if the parties could not agree as to certain matters mentioned " or any other matter should arise relating to this contract," wherein the parties could not agree that the matter or matters in dispute should be left to the architects whose decision should be final, a dispute as to whether

the subcontractor was entitled to recover for the whole amount of stone specified in the contract, when he had not delivered the whole amount because such amount was rendered unnecessary by reason of rock foundation being found sooner than was anticipated, is a matter of dispute within the meaning of the arbitration clause.

Where an arbitration clause provides for a reference of disputes to architects, giving the firm name of the architects, a member of the firm whose name is not in the firm name, who was the architect in charge of the work and recognized as such by both parties, is a valid arbitrator, and his finding, acting for his firm, is binding on the parties.

*Appeals—Assignments of error—Practice.*

On an appeal from a judgment on a verdict an assignment of error to the effect that the court erred in holding that a certain matter was a fact, without showing where or how or when or in what manner the court so held, is defective.

Argued May 21, 1902. Appeal, No. 24, April T., 1902, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1900, No. 568, on verdict for plaintiff in case of John K. Wymard v. James A. Deeds and George H. Deeds, trading as Deeds Brothers. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit on a contract to furnish stone. Before SHAFER, J.

At the trial it appeared that the plaintiff claimed under a contract in writing for stone which he agreed to deliver to the defendant who was the contractor for the building of a public school. The plaintiff claimed to recover for the whole amount of the stone mentioned in the contract, although he did not deliver a portion of it, because such portion was rendered unnecessary by reason of the fact that rock foundation was found sooner than anticipated.

The court charged in part as follows:

The other matter which the defendant sets up is that there was an alteration in this foundation, caused by the fact which is really not contradicted, as I understand it, that they came upon hard rock in the ground for this foundation sooner than they expected, and it is not contradicted that some discussion, at least, was had about that, and that an estimate of how much was to be left out was given to Mr. Wymard, the plaintiff, which he produced here himself, before the work, or before much of it was done.

Mr. Hartman : It was after all the work was done.

Mr. Reed : This was in December, 1898.

Mr. Hartman : That claim would have to be for the shortage in the work done up to that time.

The Court: The counsel have just suggested to me, as you have heard, that this paper which I refer to, dated December 30, 1898, and marked exhibit " 5," was not an estimate of all that was to be left out, but an estimate of that which was already left out. But whichever may be the case ; whether it applies to the one or the other, it shows (and that is the point I was referring to) that this matter of leaving out stonework was called to the attention of Mr. Wymard, and the paper in connection with it was given to him about that time. After the work was completely done the architect measured the amount that was left, and ascertained the value of that, according to the estimates per foot which had been handed in before that by Mr. Wymard on the estimates he made, and after making a correction in it which you have heard testified to of $4.00 of a clerical error, he determined that amount to · be $730.95.

Now the contract between these parties is a little complicated, because the contract between Mr. Wymard and the defendants here refers to the other contract between Deeds Brothers, the defendants and the school board, and that contract provides for alterations, and whether it did or not I take it that such a matter as this discovered afterwards in the making of the foundation would be deemed to be a matter which would have to be adjusted, being a matter, which, according to all accounts, was unknown at the time of the making of the plans ; but the contract between the parties here also contains the following provision, that if the parties cannot agree as to what days should or should not be counted as working days, or as to when there is sufficient excavation done to commence work, or any other matter should arise relating to the contract, in which they cannot agree, that that should be determined by the architect.

Now, the parties knew that questions might arise about the working days, because that is one of the points of the contract, that this should be done within forty working days. They also knew questions might arise as to when excavations were sufficiently done to commence work ; that was in imme-

diate contemplation. [They of course did not know that a matter of this sort, as to the depth of the foundation would arise ; but it appears by the evidence, beyond question, that it did arise afterwards, and while we have some hesitation as to what is the real meaning of these arbitration clauses when put together, yet I say to you that this arbitration clause is sufficient to cover the matter in dispute as to the leaving out of this stone ; and that whether we consider the architect's measurement and determination that has been shown here in evidence of $730.95, as the amount left out, as an award or decision under this arbitration clause, or whether we consider that no such award was made by him, and that that only indicated the amount of dispute between the parties, in either view of the case that is an amount which the plaintiff cannot recover for in this case.] [1] So that leaves the amount of the plaintiff's claim $212.70, to which the defendants have shown no sufficient defense, and the plaintiff is entitled to your verdict for that amount with interest from December 5, 1899.

Plaintiff presented these points :

2. The defense for work and materials claimed to be left out by the plaintiff in the performance of his contract is in the nature of set-off and comes within the rule of court requiring notice of such set-off to be given by the defendants, and as he has failed to give such notice, you cannot allow any set-off on account thereof. *Answer :* Refused. [4]

3. The architect had no legal standing to arbitrate as to any materials nor work left out of the building in question in this suit, and any estimate made by him is not binding on the plaintiff, nor final between the parties. *Answer :* Refused. [6]

4. If the jury believe that the architects in charge of the building did not estimate any shortage of stone and materials in said building to the school board, no such shortage can be charged to the plaintiff in this case. *Answer :* Refused. [7]

5. If the jury believes that there was no actual shortage in the plaintiff's stone work, or if the extras put in one place equalled the shortage left out in another, the plaintiff cannot be charged with any shortage whatever. *Answer :* Refused. [8]

Verdict and judgment for $229. Plaintiff appealed.

*Errors assigned* were (1, 4, 6–8) above instructions, quoting them.

*Galen C. Hartman,* for appellant.—This arbitration clause being a general one, not naming any particular persons as arbitrators, is not binding on the parties and will not oust the court of its jurisdiction : Commercial Union Assurance Co. v. Hocking, 115 Pa. 407 ; O'Reilly v. Kerns, 52 Pa. 214; Hartupee v. City of Pittsburg, 97 Pa. 107 ; Norristown v. Norristown Passenger Ry. Co., 148 Pa. 92; Vaughan v. Porter, 16 Vt. 266 ; Andrews v. Schoppe, 84 Maine, 170 (24 Atl. Repr. 805) ; Lauman v. Young, 31 Pa. 306.

The whole defense to the merits of this case was first, that plaintiff was nine days late in completing his contract and should allow the defendants a credit of $225 on that account, and second, that he had omitted $730.95 worth of stonework called for by the contract. The plaintiff contended at the trial that both these items were set-offs or counterclaims under Rule 8 of said court, and should have been pleaded as such. The court concurred in this view as to the $225 item of delay, but denied it as to the shortage. No notice was given of any set-off and evidence of the claim for shortage was let in under objection on this account: Higgins Carpet Co. v. Latimer, 165 Pa. 617 ; Bair v. Hubartt, 139 Pa. 96 ; Carl Barckhoff Church Organ Co. v. Ecker, 184 Pa. 350.

*A. B. Reid,* with him *A. V. D. Watterson,* for appellees, cited : Rathven v. Elgin, L. R. 2 Scotch & Divorce App. Cases, 535 ; Hostetter v. Pittsburg, 107 Pa. 419; O'Reilly v. Kerns, 52 Pa. 214.

OPINION BY BEAVER, J., October 13, 1902:

The plaintiff was subcontractor under defendants for the stone work and, under a separate agreement, for the concrete and granolithic work of a public school building which the defendants had contracted, under an agreement with the public school authorities, to erect. After the plaintiff had completed his contract, as he alleged, he brought suit to recover a balance alleged to be due under his several agreements with the defendants.

Defendants, in their affidavit, set out two grounds of defense, arising under the contract for the stone work, alleging that the plaintiff had failed to perform his contract in all of its

parts ; first, in that plaintiff had failed to complete his contract within the time limit mentioned in the written agreement, in which a forfeiture of $25.00 per day as liquidated damages was provided, the said limit being exceeded by a period of nine days, the damages thereby accruing amounting to the sum of $225. Second, in that the amount of stone work contemplated by plans and specifications which were made part of the written agreement was rendered unnecessary, by reason of rock foundation being found sooner than was anticipated, and that, in consequence thereof, the plaintiff was notified not to deliver and lay a certain amount of stone work, which at the price fixed in the contract, aggregated in amount the sum of $730.95.

The plaintiff resisted these reductions, first, because they were not proper under the facts, as they were shown in relation to his contract. Second, that, being in the nature of a set-off, they could not be given in evidence, because that, under Rule 8 of the courts of Allegheny county, the notice required under section 3 thereof had not been given to the plaintiff, and third, that, under the stipulation in the agreement between plaintiff and defendants, relating to arbitration, the plaintiff was not bound thereby, because (a) the clause "any other matter should arise, relating to this contract wherein first and second parties cannot agree" did not include work omitted to be done, and (b) that the reference to the architects, Messrs. E. J. Carlisle & Company, who were made sole arbitrators, whose decision was to be final, did not specify individual arbitrators and was, therefore, uncertain and void. These contentions, on the one side and on the other, make up the subject in controversy, although the assignments of error number eleven.

The court below ruled that the claim for damages, by reason of delay, was liquidated and was the subject of set-off; that, no notice of it having been given under the rule, it could not be given in evidence, and that the plaintiff was thereby entitled to recover to that extent, but that the amount claimed for work omitted to be done under the direction of the architect was not set off, and that it was the legitimate subject of defense. A verdict was rendered for $229, upon which judgment was entered. Plaintiff alone appealed. We are not, there-

fore, to consider whether or not the ruling of the court in regard to the question of set-off as to the damages for delay was correct. We are to consider only the claim of the plaintiff for materials not furnished and work not done under the terms of the contract.

The testimony was very clear that the plaintiff was notified not to deliver stone for the footings, as they are called, which we take it to be the foundation under the ground, and that no stone of that kind had been delivered or was upon the ground, when the contract was completed, nor was there stone used in the erection of other portions of the wall above the surface on the ground, after the work was done. The architect testified to the amount of the stone work rendered unnecessary by reason of the foundation being found sooner than anticipated, and provided in the specifications and the value thereof, under the contract. This was clearly not set-off. It was incumbent upon the plaintiff to show that he fulfilled his contract in every respect, in order to enable him to recover, and it was entirely legitimate for the defendant to show that the contract had not been fulfilled. In general " set-off takes place only in actions and contracts for the payment of money, as assumpsit, debt and covenant, and where the claim set off grows out of a transaction independent of the contract sued on : " 2 Bouvier's Law Dict. 988. In Pennsylvania, however, set-off is the subject of statutory regulation, and is as follows: " If two or more dealing together be indebted to each other upon bonds, bills, bargain, premises, accounts or the like, and one of them commence an action in any court of this province, if the defendant cannot gainsay the debt, bargain or assumption upon which he is sued, it shall be lawful for such defendant to plead payment of all or part of the debt or sum demanded and give any bond, bill, receipt, account or bargain in evidence," etc. 1 Sm. L. 49, sec. 1. The general rule is herein clearly indicated. The defendants here by their defense endeavored to gainsay the bargain or assumption upon which the plaintiff sought to recover. The court below was, therefore, clearly right, at least to the extent of holding that the portion of the claim relating to work not done was a legitimate defense of which notice, other than that contained in the affidavit of defense, was not required.

The clause in the agreement between plaintiff and defendants relating to arbitration is as follows : It is further agreed between the parties hereto that, in the event that first and second parties cannot agree as to what days should or should not be counted as working days or when there is sufficient excavation done to commence work, or any other matter should arise relating to this contract, wherein first and second parties cannot agree, then the matter or matters in dispute shall be left to the architects, Messrs. E. J. Carlisle & Company, who shall be the sole arbitrators, and their decision shall be final." This clause is very broad and comprehensive in its terms, and it is very clear to us that the dispute relating to the work not done was subject to the provisions of this arbitration clause. It was a matter relating to the contract and, although there was some quibble as to whether or not there had been an actual dispute in regard to it between the plaintiff and defendant, the fact that the measurements were made by the architect, one of the defendants and the foreman of the plaintiff being present, clearly showed that it was the subject of difference, the defendants claiming that it should be deducted from the contract price and the plaintiff claiming that he was entitled to full pay, notwithstanding the fact that the materials were not furnished and the work not done. The suit itself is conclusive evidence of a dispute.

Andrew McMasters was shown to have been a member of the firm of E. J. Carlisle & Company. He was the architect in charge of the work, recognized as such by plaintiff and defendants, and was shown to have made the calculation of the materials and work omitted to be furnished and done, and was sufficiently indicated in the agreement as arbitrator, being included in the firm of E. J. Carlisle & Company, although his individual name was not mentioned. This question does not seem to have been raised specifically in the court below and the ninth assignment of error, which relates thereto, is not in accordance with our rule, as it does not show where or how or when or in what manner the court held : " That E. J. Carlisle & Company, were specific persons, so as to make a reference to them as arbitrators valid and binding on the plaintiff who did not know who composed the firm of E. J. Carlisle & Company." This

assignment of error could be well disregarded but we do not see any merit in it.

Considering the whole case, the appellant certainly has nothing of which to complain.

Judgment affirmed.